UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES of AMERICA,

           Plaintiff,

-vs-                                          Case No.  2:07-cv-606-FtM-34SPC

DAVID BOWLBY,

           Defendant.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff the United States of America's (Government) Motion for Default Judgment (Doc. #14) filed on December 19, 2007.  On January 30, 2008, the Honorable Marcia Morales Howard issued an Order (Doc. #15) advising the Defendant that he would have up to and including February 12, 2008, in which to respond to the Motion for Entry of Default Judgment or the Court would treat the Motion as being unopposed.  To date, no response has been received.  Therefore, the Court will now review the Motion for Default Judgment and tender this Report and Recommendation to the District Court.

**FACTS**

The Defendant David Bowlby executed promissary notes to secure loans in the amount of $2,625.00 from Merchants National Bank of Topeka at eight (8%) percent interest per annum. (Doc. # 14, Ex. B).  The loan obligation was guaranteed by Nebraska II and then reinsured by the Department of Education under the loan guaranty programs authorized by the Department of Education pursuant to Title IV-B of the Higher Education Act of 1965 as amended 20 U.S.C. § 1071

*et. seq*. (Doc. # 14, Ex. B). The Defendant defaulted on the loan on October 28, 1990. Thereafter, the holder of the note filed a claim on the guarantee. (Doc. # 14, Ex. B).

The Guarantor paid the claim in the amount of $2,703.84 to the lender and then filed a claim with the Department of Education pursuant to the reinsurance agreement. (Doc. # 14, Ex. B). The Department of Education reimbursed the Guarantor. (Doc. # 14, Ex. B). On January 30, 1998, the full amount of the loan due was assigned to the Department of Education. (Doc. # 14, Ex. B). Since the loan was assigned to the Department of Education, the Plaintiff has received $248.71. (Doc. # 14, Ex. B). According to the Plaintiff's records, as of the filing date of the Motion, the Defendant owed $2,625.00 in principal, and $5,408.99 in interest for a total of debt of $8,033.99. Interest continues to accrue at the rate of .57 cents per day.

On September 17, 2007, the Plaintiff filed a Complaint in this Court (Doc. # 1). The Defendant was properly served on November 9, 2007, in accord with the Federal Rules and Florida law, however, he never filed a responsive pleading. (Doc. # 11). A Clerk's Default was entered against the Defendant on December 13, 2008, (Doc. # 13). The Government now moves the Court for an entry of Default Judgment in its favor and against the Plaintiff.

## DISCUSSION

The Plaintiff moves the Court for a Default Judgment for the outstanding balance of $8,033.99, plus any renewed interest and for costs pursuant to 28 U.S.C. § 1920.

### *(1) Whether Clerk's Default Should be Entered*

A default judgment may be entered against a defendant who fails to appear or respond to a complaint. Fed R Civ. P. 55(b)(2). Generally, the entry of a default judgment is committed to the discretion of the district judge. Doss-Clark v. Babies and Beyond Pediatrics, P.A., 2007 WL 1577770

*1 (M.D. Fla. May 31, 2007) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir.1977)). [1] The factual allegations of a well-pleaded complaint are taken as true, hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir.1987); Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("[t]here must be a sufficient basis in the pleadings for the judgment entered); Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D. Fla.2005) (same). Where the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay. S.E.C. v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir.2005).

In this instance, the amount of damages is a sum certain and, therefore, no evidentiary hearing is required by the Federal Rules. Based upon the affidavit filed by the Plaintiff, good cause exists to enter a default judgment against the Defendant. He was properly served and a proper Clerk's Default was entered against him. He has failed to make any reply or contact the Plaintiff in any way. The Court further recognizes that the Defendant has been delinquent in his loan for years and after several attempts by the Guarantor and the Government to obtain payment, the Defendant has failed to make a good faith effort to repay his obligation. Thus, the Court respectfully recommends that a Default Judgment should be entered in favor of the Plaintiff and against the Defendant in the amount of $8,033.99 plus continuing interest at eight (8%) percent per annum.

*(2) Whether the Plaintiff should be Awarded Costs*

The Plaintiff also moves the Court to award its costs for bringing the case. Twenty eight U.S.C. § 1920 reads in pertinent part:

---

[1] The Eleventh Circuit, in an *en banc* decision, adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v City of Pritchard, 661 F. 2d 1206, 1209 (11th Cir. 1981).

> [a] judge or clerk of any court of the Untied States may tax as costs the following:
>> (1) Fees of the clerk and marshal;
>> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>> (3) Fees and disbursements for printing and witnesses;
>> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>> (5) Docket fees under section 1923 of this title;
>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

The Plaintiff moves for the cost of the filing fee of $150.00 and for "Fee for Service and Travel per 28 U.S.C. § 1921" of $25.00 for a total of $175.00. The Statute clearly allows for the remuneration of the clerk's filing fee of $150.00. Thus, it is respectfully recommended the $150.00 filing fee should be awarded.

The Plaintiff also moves for $25.00 for "Fee for Service and Travel per 28 U.S.C. § 1921." The Statute reads in pertinent part:

> The United States marshals or deputy marshals shall routinely collect, and the court may tax as costs, fees for the following: . . .
> (G) Necessary travel in serving or endeavoring to serve any process, writ, or order; except in the District of Columbia, with mileage to be computed from the place where service is returnable to the place of service endeavor.

28 U.S.C. § 1921(a)(1)(G). According to the Plaintiffs Affidavit, the Plaintiff spent $25.00 for the "Fee for Service and Travel" and therefore, good cause exists under § 1921 to award the Plaintiff the additional $25.00 in costs.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff the United States of America's (Government) Motion for Default Judgment (Doc. #14) should be **GRANTED**.

(1) The Plaintiff should be awarded $8,033.99 in principal and interest as well as continuing interest at eight (8%) percent per annum.

(2) The Plaintiff should be awarded $175.00 in costs for bring the litigation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___16th___ day of July, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record